■ KATHERINE HOOPS, an Infant, by Her Father and Natural Guardian, GERALD R. HOOPS, et al., Respondents, v. WAYNE D. NORMAN, Defendant, and JACQUELIN G. BEHRENS, Appellant.— In a personal injury action, defendant Behrens appeals from three orders of the Supreme Court, Nassau County, all dated January 14, 1974, as follows: (1) from one order which denied her motion to vacate an order of attachment and to dismiss the complaint as against her; (2) from so much of a second order as dismissed the first separate and complete defense contained in her answer; and (3) from the third order which extended plaintiffs' time to commence a special proceeding against the garnishee until 90 days after entry of final judgment. Orders affirmed insofar as appealed from, with one bill of $20 costs and disbursements to cover all the appeals. Defendant Behrens, a resident of Virginia, was the operator of an automobile owned by defendant Norman which was involved in an accident in Pennsylvania in 1972. The infant plaintiff, Katherine Hoops, a resident of New York, was a passenger in the automobile and this action was brought to recover $1,000,000 for her alleged injuries sustained in the accident and to recover $100,000 for the medical expenses incurred by her father, etc. Service of the summons and complaint was made upon defendant Behrens personally in Alexandria, Virginia. Also, pursuant to an order of attachment signed by Special Term in Nassau County, levy was made upon an automobile insurance policy issued by the State Farm Mutual Automobile Insurance Company ("State Farm") to cover an automobile owned by defendant Behrens' father in Virginia. This levy led to the motions to vacate and dismiss, etc., and the orders here on appeal. Appellant's position is that State Farm was merely an excess carrier and that its policy covered her only if a judgment were rendered which exceeded the amounts collectible from other insurers. The primary policy was that issued

by the Boston Old Colony Insurance Company to defendant Norman, the car owner. In other words, appellant contends that State Farm is under no present duty to defend and, under the doctrine of *Seider* v. *Roth* (17 N Y 2d 111), the basis for in rem jurisdiction cannot be the purely contingent *in futuro* duty of an excess automobile insurer to indemnify its insured. While there is some merit to appellant's argument, we read the *Seider* case and its progeny, e.g., *Simpson* v. *Loehmann* (21 N Y 2d 305), as broad enough to cover the situation at bar. We have a plaintiff, Hoops, who is a resident of New York and an insurer, State Farm, which is present in and regulated by New York. "For jurisdictional purposes, in assessing fairness under the due process clause and in determining the public policy of New York, such factors loom large" (*Simpson* v. *Loehmann, supra*, p. 311). The fact that State Farm's contractual obligations vis-à-vis defendant Behrens are contingent on a recovery in excess of the primary policy does not take this case outside the ambit of the *Seider* case (*supra*), for as Chief Judge Fuld said in *Simpson* (*supra*, p. 310): "It was our opinion when we decided that case [*Seider* v. *Roth*], and it still is, that jurisdiction in rem was acquired by the attachment in view of the fact that the policy obligation was a debt to the defendant. And we perceive no denial of due process since the presence of that debt in this State (see, e.g., *Harris* v. *Balk*, 198 U. S. 215, *supra*) — *contingent or inchoate though it may be* — represents sufficient of a property right in the defendant to furnish the nexus with, and the interest in, New York to empower its courts to exercise an in rem jurisdiction over him. It is, of course, hardly necessary to add that neither the *Seider* decision nor the present one purports to expand the basis for in personam jurisdiction in view of the fact that the recovery is necessarily limited to the value of the asset attached, that is, the liability insurance policy" (emphasis added). Gulotta, P. J., Hopkins, Shapiro, Christ and Munder, JJ., concur.